```
            IN THE UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF ARKANSAS
                    FAYETTEVILLE DIVISION

JOHN P. WALLIS                                      PLAINTIFF

            v.            Civil No. 11-5160

SHERIFF TIM HELDER; SERGEANT MORSE;
CORPORAL GUTHRAY; JAIL ADMINISTRATOR
RANDALL DENZER; and JOHN DOES 1 TO 3,
Shift Supervisor, Night Shift Sergeant,
and Night Shift Corporal                          DEFENDANTS
```

                          O R D E R

        Now on this 28th day of September, 2012, comes on for
consideration the **Report and Recommendation of the Magistrate
Judge** (document #58) and plaintiff's **Motion for Extension of Time
to File Objections to Report and Recommendation** (document #61).
The Court, being well and sufficiently advised, finds and orders
as follows:

        1.   This is an action filed pursuant to 42 U.S.C. § 1983 in
which plaintiff John Wallis alleges that, while he was
incarcerated in the Washington County Detention Center (WCDC),
defendants violated his constitutional rights by

        *    failing to protect him from attack by fellow inmates;
and

        *    denying him adequate medical care.
The facts are more fully set out in the Report and Recommendation.

        2.   Wallis filed two summary-judgment motions (documents #25
and #30), to which defendants responded, and defendants filed a

motion to dismiss (document #42), to which Wallis responded. All three motions were addressed in the Report and Recommendation. Magistrate Judge James R. Marschewski recommended that the motions be denied but, with respect to the issue raised in the motion to dismiss, that Wallis be ordered to provide defendants with a certain discovery response.

3.   On August 31, 2012, Wallis filed a motion seeking an extension of time to file objections to the Report and Recommendation. However, before the Court could rule on the motion, Wallis filed his objections. Therefore, his motion for extension will be denied as moot.

4.   The Court will first consider Wallis's motions for summary judgment. Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

(a)  With regard to his failure-to-protect claim, Wallis must prove that he was incarcerated under conditions posing a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). He must also show that the officers were deliberately indifferent to inmate health or safety. *Holden v. Hirner*, 663 F.3d 336, 341 (8th Cir. 2011).

(1)  Although Wallis has filed a lengthy objection to the Report and Recommendation, most of the objection is a reiteration of arguments he has already made. Wallis generally

-2-

objects to having to proceed in this case without legal representation. He further maintains that the following circumstances create an unsafe environment at WCDC:

* the booking process allows inmates to request housing in a certain area, so that "gangs" are able to stay together;

* the upstairs corners of the B pod are too dark, so that certain areas are hidden from the surveillance cameras;

* a stool that was bolted to the floor created an obstruction that caused him to trip during an altercation; and

* the stool was also used as an "anvil" for another inmate to beat Wallis's head against.

(2) Wallis goes on to state that the following circumstances demonstrate deliberate indifference:

* the first incident with inmate Ingram was ignored by officers;

* it took five minutes for officers to respond to the incident, during which time Wallis was assaulted by another inmate; and

* the defendants are aware of the deficiencies in the B pod surveillance.

(3) Wallis has provided several handwritten documents, incident reports, and medical records related to his claims. However, those documents do not prove that he was incarcerated under conditions posing a substantial risk of serious harm, nor do

they show that defendants knew of and were deliberately indifferent to the risk. Therefore, he has failed to establish that there are no genuine issues of material fact with respect to this claim.

(b)  With regard to his denial-of-medical-care claim, Wallis must show that defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

(1)  In his objection, Wallis states that defendants showed deliberate indifference by approving the simpler Gilles' surgical procedure to repair his fractured cheekbone, instead of the more complex (and costlier) surgery to insert a titanium cheekbone.

(2)  Wallis has offered nothing to suggest that any of the defendants were personally responsible for, or even involved in, the decisions regarding his medical treatment. Therefore, his motion for summary judgment will be denied on this claim as well.

5.  With respect to defendants' motion to dismiss and Magistrate Judge Marschewski's recommendation that he be ordered to answer certain discovery requests, Wallis makes no objection. His answer to the question at issue is provided at the end of his response. Therefore, the Court will deny the motion to dismiss.

**IT IS THEREFORE ORDERED** that the **Report and Recommendation of the Magistrate Judge** (document #58) is hereby **adopted *in toto***, and

-4-

Wallis's objections thereto are **overruled.**

IT IS FURTHER ORDERED that Wallis's **Motion for Extension of Time to File Objections to Report and Recommendation** (document #61) is **denied as moot.**

IT IS FURTHER ORDERED that Wallis's **Motions for Summary Judgment** (documents #25 and #30) are hereby **denied.**

IT IS FURTHER ORDERED that defendants' **Motion to Dismiss** (document #42) is hereby **denied.**

IT IS SO ORDERED.


  /s/ Jimm Larry Hendren
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE